FILED FOR RECORD
This 11 Day of OCT 2023
at 12:54:55 o'clock __m
LISA LEWIS
CIRCUIT CLERK
COLUMBIA COUNTY, ARKANSAS
By _____ D.C.

IN THE CIRCUIT COURT OF COLUMBIA COUNTY, ARKANSAS
1st DIVISION

JOEL CLARK                                                      PLAINTIFF

V.                          CASE NO. 14CV-23-198-1

JANE DOE AND
LARRY FOWLER TRUCKING, INC.                                     DEFENDANTS

## COMPLAINT

Plaintiff, Joel Clark, by and through his undersigned counsel, and for his Complaint against Defendants, Jane Doe and Larry Fowler Trucking, Inc., (collectively as "Defendants"), states and alleges as follows:

### I. JURISDICTION AND VENUE

1. This action is within the jurisdictional limits of this Court.

2. Venue is proper in this Court because it is brought in the county where Defendant had its principal office in Arkansas at the time of the event giving rise to this cause of action. *See* ARK. CODE ANN. § 16-60-101(2)(A).

3. This case is non-removable under 28 U.S.C. § 1332(a)(2) because Defendant Larry Fowler Trucking, Inc. is an Arkansas corporation and its presence in the lawsuit prevents removal due to the forum state defendant.

### II. PARTIES

3. Plaintiff is a resident of Harris County, Texas.

4. Defendant Jane Doe is a tortfeasor whose identity is unknown. See attached affidavit per *See* ARK. CODE ANN. § 16-56-125(c).

5. Defendant Larry Fowler Trucking, Inc. is an Arkansas corporation and may be served with service of process through its registered agent Larry A. Folwer at 1499 Highway 82 Bypass, W Magnolia, Arkansas, 71753.

### III. NATURE OF THIS ACTION

6. On October 15, 2021, Plaintiff was working in Harris County, Texas. Plaintiff was standing by to unload a truck driven by Defendant Jane Doe and owned by Defendant Larry Fowler Trucking, Inc. As Plaintiff moved a ladder out of the loading dock area where he was working, Defendant Jane Doe backed the truck she was operating on behalf of Defendant Larry Fowler Trucking, Inc. into him and pinned the Plaintiff against some rebar at the loading dock area. As a result of this incident, Plaintiff suffered severe injuries.

7. At the time of the incident described in paragraph 6 above, and at all times material hereto, Defendant Jane Doe was withing the course and scope of her employment with Defendant Larry Fowler Trucking, Inc. Therefore, Defendant Larry Fowler Trucking, Inc. is vicariously liable for acts complained of herein, including the negligence and gross negligence of Defendant Jane Doe, described more fully below.

8. Defendant Jane Doe engaged in careless operation of a freightliner leading to the injuries of Plaintiff.

9. Defendants owed Plaintiff a duty to act in a reasonably careful manner under the circumstances and breached their duties owed to Plaintiff is several respects including, but not limited to, the following:

    (a) Failing to safely operate Defendant's tractor-trailer;

    (b) Failing to maintain Defendant's tractor-trailer in a reasonable distance from Plaintiff;

    (c)    Failing to keep a proper lookout;

    (d)    Failing to adequately train its drivers;

    (e)    Failing to adequately supervise its drivers;

    (f)    Entrusting its tractor-trailer to an incompetent, unqualified, and reckless drier; and

    (g)    Other acts deemed negligent.

10. The aforementioned conduct constitutes negligence and gross negligence.

11. The negligence and gross negligence of Defendants proximately caused the subject incident which injured Plaintiff. Plaintiff suffered severe injuries to his body, including but not limited to, injuries to his legs and back.

12. As a direct and proximate result of Defendants' negligence and gross negligence, Plaintiff has experienced physical pain and suffering, mental anguish, physical impairment, disfigurement, and loss of enjoyment of life. In reasonable probability, Plaintiff will experience future physical pain and suffering, mental anguish, physical impairment, disfigurement, and loss of enjoyment of life. Plaintiff has incurred medical and pharmacy expenses and, in reasonable medical probability, will incur medical and pharmacy expenses in the future. Plaintiff has suffered a loss of earnings in the past, as well as a loss of future earning capacity.

13. Plaintiff has been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court and federal diversity jurisdiction.

### IV.    JURY DEMAND

14. Plaintiff hereby respectfully demands a trial by jury.

### V.    PRAYER

For these reasons Plaintiff asks that Defendants be cited to appear and answer and that Plaintiff have judgment against Defendants, jointly and severally, for the following:

(a) Actual damages;

(b) Exemplary damages as allowed by law;

(c) Pre-judgment and post-judgment interest as allowed by law;

(d) Costs of suit;

(e) Attorneys' Fees; and

(f) All other relief, in law and equity, to which Plaintiff may be entitled.

        Respectfully submitted,

        **DASPIT LAW FIRM**

        */s/ Robert Morse*

        ROBERT MORSE
        Arkansas State Bar No. 2022089
        440 Louisiana St., Suite 1400
        Houston, Texas 77002
        Telephone: (713) 322-4878
        Facisimile: (713) 587-9086
        Email: e-service@daspitlaw.com
        Service Email: service@psbfirm.com